## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Case No. BK 17-81127-TLS |
| | ) | |
| EAT FIT GOT HEALTHY FOODS, LLC et al[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

### MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, FED. R. BANK P. 6004, AND LOCAL R. BANK. P. 6004-1 AUTHORIZING AND APPROVING THE SALE OF CERTAIN ASSETS OF DEBTOR EAT FIT GO ARIZONA KITCHEN, LLC FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

COME NOW Eat Fit Go Healthy Foods, LLC et al., debtors and debtors-in-possession in the above captioned Chapter 11 bankruptcy case ("Debtors"), and in support of their Motion for Order pursuant to 11 U.S.C. §§ 105(a) and 363, Fed. oR. Bank. P. ("Rule") 6004, and Local R. Bank. P. ("Local Rule") 6004-1 Authorizing and Approving the Sale of Certain Assets of Debtor Eat Fit Go Arizona Kitchen, LLC Free and Clear of Liens, Claims, Interests, and Encumbrances ("Motion"), state and allege as follows:

### Jurisdiction and Venue

1. On July 31, 2018 (the "Petition Date") Debtors filed 10 separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Related Cases") in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court").

2. Each Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not yet been appointed in any of the Related Cases.

---

[1] Debtors in this case include: Eat Fit Go Omaha Kitchen, LLC, Eat Fit Go Kansas City Kitchen, LLC, Eat Fit Go Georgia Kitchen, LLC, Eat Fit Go Arizona Kitchen, LLC, Eat Fit Go Healthy Foods - Des Moines, LLC, Eat Fit Go Healthy Foods - Kansas City, LLC, EFG Shared Services, LLC (No Rev), Eat Fit Go Healthy Foods - Omaha, LLC, and Eat Fit Go Healthy Foods - Minnesota, LLC.

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

4.   This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Debtors' Background

7.   Debtors provide healthy chef-made meals that are high in protein and made fresh daily.  Debtors' business operations offer one stop shopping where a customer can purchase breakfast, lunch, dinner, and snacks that are pre-cooked, pre-portioned and ready-to-eat.

8.   Capitalizing on a growing trend in healthy foods, Debtors opened the first store in February of 2016, in Omaha, NE, and have grown to 33 stores across eight states utilizing a mix of franchised locations and corporate owned stores.  Beyond the rapidly increasing number of storefronts, Debtors plan to expand into e-commerce with a mobile app to facilitate delivery of healthy foods to customers' doors within 24 hours.

### Relation of Debtors

9.   Each of Debtors is a legally separately entity.  With the exception of Eat Fit Go Healthy Foods – Omaha, LLC, each of the other Debtors (the "Subsidiaries") is a wholly-owned subsidiary of Eat Fit Go Healthy Foods, LLC (the "Parent").[2]  Each Debtor plays a unique role in Debtors' ongoing operations, be it as a manger of operations, corporate store, corporate kitchen, or leaseholder. Debtors utilize common branding for their operations.

### Proposed Sale of Assets

10. Debtors seek to obtain the approval for the sale of commercial kitchen equipment owned by Eat Fit Go Arizona Kitchen, LLC ("Arizona Kitchen").  Debtors have been informed

---

[2] Parent is the managing member of Eat Fit Go Healthy Foods – Omaha, LLC.

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

that the franchisees located in Arizona and serviced by the Arizona Kitchen have shut down operations. As a result, Debtors has shut down operations in Arizona. Debtors will also be filing a motion to reject the unexpired lease related to the Arizona Kitchen.

11. Pursuant to Debtors prior operations in Arizona, the Arizona Kitchen prepared and distributed meals to the area franchisees through a leased commercial kitchen location. As a result, the Arizona Kitchen is the owner a wide array of unutilized commercial kitchen equipment. This equipment is now unnecessary.

12. The Arizona Kitchen is an entity organized under the laws of Nebraska. On August 9, 2018, Debtors caused a UCC search of the Nebraska Secretary of State's central filing office in the name of Eat Fit Go Arizona Kitchen, LLC. The search results produced no UCC-1 financing statements on file in Nebraska for the Arizona Kitchen. On information and belief, the Assets are free of any recorded security interests.

13. Debtors have concluded that the best mechanism for maximizing the value to the Arizona Kitchen estate is through the sale of this unused equipment pursuant to 11 U.S.C. §363(b) (the "Sale") by way of public auction (the "Sale Auction").

14. Debtors believe that the Sale of the Assets (as defined below) pursuant to the terms set forth herein will maximize the recovery for Debtors' estate.

## Assets to Be Sold

15. Debtors propose to sell the assets owned by Arizona Kitchen listed on the attached Exhibit "A" (the "Assets").

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

## Terms of Sale

16. To assist Debtors with the Sale of the Assets, Debtors have engaged Cunningham and Associates, Inc., an Arizona entity and experienced auctioneer of food service equipment. Under the terms of the Auction Agreement (a copy of which is attached hereto as Exhibit "B"), Debtors will pay Cunningham a commission of twenty-five (25%) of the gross auction sale from the proceeds of the Sale. Cunningham intends to hold a public auction on November 28, 2018.

17. Debtors believe that the Sale will generate sufficient proceeds to cover all related administrative burdens of the estate and provide significant additional proceeds for the benefit of creditors.

18. As with the auction, Debtors cannot reasonably determine, at this time, the amount of taxable income Debtors may realize from the Sale. However, it is possible that Debtors will incur taxable income as a result of the Sale.

## Applicable Authority to Approve the Sale Free and Clear of All Liens, Claims, Interests and Encumbrances

### The Sale Should be Authorized Pursuant to Section 363(b)(1)

19. Pursuant to §105(a), a bankruptcy court "may issue any order process or judgment that is necessary or appropriate to carry out the provision of [the Bankruptcy Code]." Additionally, §363(b)(1) provides, in relevant part, that Debtors, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of its bankruptcy estate.

20. The proposed use, sale, or lease of property of the estate may be approved under §363(b) if it is supported by sound business justification. See e.g. *Meyers v. Martin (In Re Martin)*, 91 F.3d 389, 395 (3rd Cir 1996); *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In Re Continental Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986)

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

("[F]or [a] debtor-in-possession . . . to satisfy its fiduciary duty to the . . . creditors, and equity

holder[s], there must be some articulated business justification for using, selling, or leasing the

property outside the ordinary course of business." *Id.*).

21. In this case, Debtors have sound business justification for the proposed Sale. First,

the Assets represent surplus equipment and accessories from a closed commercial kitchen. The

value of the used kitchen equipment continues to diminish. In Debtors' opinion, the continued

possession of the Assets is burdensome and will be detrimental to Debtors' reorganization

efforts. Further, the Sale of the Assets will generate proceeds that are not subject to liens or

encumbrances and will benefit Debtors' estate. These funds can be used to assist Debtors in their

reorganization. In addition, the Assets are located in a leased commercial facility. Absent the

Sale, Debtors will either need to remove and store the Assets, or potentially face ongoing lease or

rent obligations while the Assets occupy rented space Debtors wish to vacate.

22. In reviewing a proposed sale of assets, a bankruptcy court should give deference to

debtor's business judgment. *Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621

n.2 (Bankr. E.D. Pa 1987); *In Re Crutcher Resource Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex.

1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property

of the estate other than in the ordinary course of business, but the movant must articulate some

business justification for the sale"). *See also Stephens Industries, Inc. v. McClung*, 789 F.2d 386

(6th Cir. 1986); *In re Channel One Communications, Inc.*, 117 B.R. 493 (Bankr. E.D. Mo. 1990).

23. In addition to showing a business justification, Debtors believe that courts, when

reviewing a sale under §363, should also examine whether: (a) the price is fair and reasonable;

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

(b) the purchaser acted in good faith; and (c) adequate notice was provided.  *In re Channel One Communications, Inc.,* 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990).

24. By virtue of the fact that the Sale to the Successful Bidder(s) will be subject to a public auction, the good faith of the Successful Bidder(s) and the reasonableness of the purchase price will be, *per se*, established.

25. The Court may review a proposed sale to determine whether parties received adequate notice of this Motion.  Debtors will provide adequate notice of the hearing on this Motion by providing notice to: (a) all entities known to have expressed an interest in a transaction with respect to the Assets; (b) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Assets; (c) the United States Trustee's office; (d) known, potential creditors[3] of East Fit Go Arizona Kitchen, LLC, and (e) any Official Committee of Unsecured Creditors as may be appointed in this Chapter 11 Case, or in the absence of such a committee, to the creditors included on the consolidated list filed by Debtors as required by Rule 1007(d) (the "Sale Notice").  The Sale Notice is reasonably calculated to provide timely and adequate notice to Debtors' major creditor constituencies.

26. Based on the forgoing, the Sale satisfies all of the requisite conditions for authorization under §363(b) of the Bankruptcy Code.

<u>The Sale Satisfies the Requirements of 11 U.S.C. § 363(f) for a Sale
Free of Liens, Claims, Interests, and Encumbrances</u>

27. Section 363(f) of the Bankruptcy code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interests in such property of an entity other than the estate, only if:

---

[3] Debtors reserve all rights and objections to any potential claims.

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

(i)  applicable non-bankruptcy law permits sale of such property free and clear of such interests;

(ii)  such entity consents;

(iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(iv) such interest is in bona fide dispute; or

(v)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

28. Debtors submit that, with respect to each such interest, at least one of the five conditions of §363(f) is satisfied.  Debtors accordingly requests authority to convey the Assets to the Successful Bidder free and clear of all liens, claims, interests, and encumbrances (collectively "Interests").  Debtors submit that they are unaware of any liens or encumbrances on the Assets. Moreover, an August 9, 2018, UCC search of the Nebraska Secretary of State's central filing office reveals that there are no UCC-1 financing statements on file in Nebraska.[4]

29. Having exercised sound business judgment, Debtors have determined that the Sale of the Assets free and clear of all Interests, excluding the Excepted Interests, is in the best interests of Debtors, the estates, and the creditors thereof.  As such, the Sale should be approved free and clear of all Interests, excluding the Excepted Interests.

<u>A Finding of Good Faith of the Successful Bidder Pursuant to
Section 363(m) is Appropriate</u>

30. Section 363(m) of the Bankruptcy Code provides the following:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchases or leased such property in good faith, whether or not such entity knew of the pendency of the

---

[4] Eat Fit Go Arizona Kitchen, LLC is a Nebraska LLC.

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

appeal, unless such authorization and such sale or lease were stayed pending appeal.

31. The Bankruptcy Code does not define good faith.  However, "[t]he criteria to be considered when making an evaluation of good faith are almost universally stated as follows: '[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings.  Typically, the misconduct that would destroy a . . . good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *In re Apex Oil Co.,* 92 B.R. 847, 869 (Bkrtcy. E.D. Mo. 1988) (quoting *In re Rock Industries Machinery Corp.,* 572 F.2d 1195, 1998 (7th Cir. 1978)).

32. Debtors will present evidence at the Sale confirmation hearing, that as set forth above, the Sale will result in a transaction or transactions, in which the Successful Bidder(s) has at all times acted in good faith.  Debtor, therefore, requests that the Court make a finding that the Successful Bidder(s) has purchased the Assets in good faith within the meaning of §363(m) of the Bankruptcy Code.

**Relief under Rule 6004(h) is Appropriate in this Case**

33. Rule 6004(h) provides an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the Order, unless the court orders otherwise.  In order to permit the Sale to proceed as expeditiously as possible and to avoid further degradation or loss of value to the Assets, good cause exists to waive the 14 day stay provided in Rule 6004(h).

148414591.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127
Motion for Order Approving
Sale of Assets Facility Free and Clear

## Conclusion

**WHEREFORE,** Eat Fit Go Healthy Foods, LLC et al., debtors and debtors-in-possession in the above captioned Bankruptcy Case, respectfully prays this Court enter an order: (1) granting this Motion in full; (2) overruling all objection to this Motion; (3) approving and authorizing the sale of the Assets free and clear of all Interests; (4) waiving the 14 day stay provided in Rule 6004(h); and (5) granting any other relief at equity or law this Court deems necessary.

**EAT FIT GO HEALTHY FOODS, LLC
ET AL., Debtors**

By:    /s/ Patrick R. Turner
       Patrick R. Turner #23461
       Stinson Leonard Street, LLP
       1299 Farnam Street, Suite 1500
       Omaha, NE 68102
       Tel. No. (402) 342-1700
       Fax No. (402) 342-1701
       patrick.turner@stinsonleonard.com

       Counsel for Debtors

148414591.1

**<u>EXHIBIT A</u>**

## Eat Fit Go Arizona Kitchen, LLC Assets

All or substantially all of Debtor's assets will be sold. A detailed list of assets to be auction willed be filed as a supplement to this Motion once complied by the Auctioneer.

**<u>EXHIBIT B</u>**

## EXCLUSIVE AUCTION AGREEMENT

THIS AGREEMENT ("Agreement") made the 30th day of October 2018, between Cunningham & Associates, Inc., an Arizona corporation ("Auctioneer") and Eat Fit Go Arizona Kitchen, LLC. ("Owner").  In consideration of the mutual covenants, terms, and conditions set forth herein, the parties hereby agree as follows:

**Right to Sell at Auction**.  Owner hereby grants to Auctioneer the sole, exclusive and irrevocable right to sell at public auction the subject personal property assets (the "Assets"), located at 739 E. Dunlap Ave., Phoenix, AZ 85020.  Bidding to close on or about Wednesday, November 28, 2018. Auctioneer does hereby agree to sell Owner's Assets according to the terms and conditions herein set forth, and pursuant to the Terms and Conditions set forth at http://bidindustrial.com, which are by this reference incorporated herein.  Subject assets to be sold online at absolute auction.

1. **Compensation**.  Owner shall pay to Auctioneer as compensation a commission of twenty-five percent (25%) of the selling price of all Assets sold at the auction payable out of the gross amount realized at the sale ("Auction Fee").

2. **Expenses**.  Owner shall be responsible for all actual and necessary costs and expenses incurred in the set up and preparation of the auction, as well as any travel expenses, subject to Owner's default under Section 13.  Expenses not to exceed $0.00.

3. **Advertising Sale**. The Auctioneer shall market and advertise the auction, including advertising in newspapers and appropriate trade journals, circulars and other reasonable and legal methods agreed upon by Owner and Auctioneer.

4. **Representations and Warranties**.  By signing this Agreement, Owner represents and warrants that he/she owns full title to the property to be auctioned free and clear from any liens or encumbrances, and that he/she has the authority to sell and transfer the assets free and clear from any liens or encumbrances. Owner hereby acknowledges that he/she will be solely responsible for the immediate removal of any liens or encumbrances that exist related to any Asset and that such removal of a lien or encumbrance must occur prior to the auction, unless other arrangements are agreed to in writing by Auctioneer. Owner further warrants that it has not and will not remove or conceal any items to be auctioned.

5. **Duties of Auctioneer**.  The Auctioneer shall prepare the Assets to be sold at the place of sale in a manner calculated to induce buyers to make bids thereon. In addition, Auctioneer shall furnish such assistance necessary to efficiently sell and deliver the Assets, and shall take reasonable steps necessary to sell the Assets pursuant to the terms and conditions agreed upon between the Owner and Auctioneer.

6. **Authority of Auctioneer**.  Auctioneer shall have full authority to sign any memorandum of sale, or bill of sale, on behalf of Owner and to receive from the purchasers of the Assets the purchase price thereof as agent for Owner.

7. **Accounting**.  At the completion of such sale, Auctioneer shall furnish to Owner a complete list of all the Assets sold by Auctioneer, together with sales prices thereof, and after deducting therefrom the amounts due to Auctioneer pursuant to this agreement, shall pay to Owner the net amount due to Owner within twenty (20) business days of the last date of the auction.

1

8. **Without Reserve**.  This auction sale is without reserve. Once the bidding begins on any article or lot, it cannot be withdrawn from the sale nor can any bid be retracted.

9. **No Bid by Owner**.  Owner is not permitted to bid at the sale or to procure the making of a bid on Owner's behalf.

10. **Risk**.   Owner shall bear the risk of default by a purchaser, including without limitation bad checks, debts, and unpaid auction items. Auctioneer shall in no way be liable for the nonperformance by either Owner or a purchaser.

11. **Purchaser Default**.  Should the purchaser of an item at auction default for any reason, all earnest money and deposit payments paid on account shall be retained by Auctioneer as reimbursement for any monies due to Auctioneer pursuant to the terms of this Agreement. Any remaining funds, after said payment to Auctioneer, shall be paid to Owner.

12. **Cancellation of Auction; Damages**.  If Owner cancels the auction in any way for any reason, Owner shall be responsible for all of Auctioneer's travel, set-up, advertising, and any other expenses incurred up to the time when Auctioneer is notified in writing of the cancellation. Additionally, in the event of a breach of this Agreement by Owner, the Minimum Auction Fee shall be paid by Owner to Auctioneer as liquidated damages.  The Minimum Auction Fee for cancellation is $500.00.

13. **Attorneys Fees**.   In the event suit is brought (or arbitration instituted) or an attorney is retained by any party to this Agreement to enforce the terms of this Agreement or to collect any money due hereunder, or to collect money damages for breach hereof, the prevailing party shall be entitled to recover, in addition to any other remedy, reimbursement for reasonable attorneys' fees, court costs, costs of investigation and other related expenses incurred in connection therewith.

14. **Governing Law**.  This Agreement shall be deemed to be made under and shall be construed in accordance with and shall be governed by the laws of the State of Arizona and (subject to any provision in this Agreement providing for mandatory arbitration) suit to enforce any provision of this Agreement or to obtain any remedy with respect hereto may be brought in Superior Court, Maricopa County, Arizona, and for this purpose each party hereby expressly and irrevocably consents to the jurisdiction of said court.

15. **Construction**.  The language in all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for nor against any party.  The neuter gender includes the masculine and feminine.  It is mutually agreed that in the event any term, covenant or condition herein contained is held to be invalid or void by any court of competent jurisdiction, the invalidity of any such term, covenant or condition shall in no way affect any other term, covenant or condition herein contained.

16. **Severability**.   If any provision of this Agreement is declared void or unenforceable, such provision shall be deemed severed from this Agreement; and the remaining portions of the Agreement shall remain in full force and effect.

17. **Integration Clause; Modification**.  This Agreement, and any attached exhibits and addenda signed by the parties, represents the entire agreement of the parties with respect to the subject matter hereof, and all agreements entered into prior hereto are revoked and superseded by this Agreement, and no representations, warranties, inducements or oral agreements have been made by any of the parties except as

2

DocuSign Envelope ID: 810CDE1E-B72F-4172-AZ47-D7F8A8AC7F38

expressly set forth herein, or in other contemporaneous written agreements. This Agreement may not be changed, modified or rescinded except in writing signed by all parties hereto, and any attempt at oral modifications of this Agreement shall be void and of no effect.

18. **Authority**.  Each of the parties hereto represents and warrants to each other party hereto that this Agreement has been duly authorized by all necessary action and that this Agreement constitutes and will constitute a binding obligation of each such party.

19. **Captions**.  Captions and paragraph headings used herein are for convenience only and are not a part of this Agreement and shall not be deemed to limit or alter any provisions hereof and shall not be deemed relevant in construing this Agreement.

20. **Indemnity**.  Owner agrees to indemnify Auctioneer and hold it harmless from and against all claims, damages, costs and expenses (including attorneys' fees) arising out of the sale of the Assets or attributable, directly or indirectly, to the breach by Owner of any obligation hereunder or the inaccuracy of any representation or warranty made by Owner herein or in any instrument delivered pursuant hereto or in connection with the transactions contemplated hereby.

21. **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors in interest and assigns, but in no event shall any party be relieved of its obligations hereunder without the express written consent of each other party.

22. **Counterparts**.  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

**Payments**.  Make auction proceeds check out to:

**Eat Fit Go Arizona Kitchen, LLC**

Mail the check to this address:

**8877 S. 137th Cir., Suite 1, Omaha, NE 68138**

OWNER AUTHORIZED SIGNATORY:          AUCTIONEER:

*Brock Hubert*                          11/2/2018 12:35:05 PM PDT          *George Cunningham*          11/2/2018 12:31:35 PM PD

**Brock Hubert**                          Cunningham & Assoc., Inc.
General Manager

3