IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF ) | Case No. BK 18-81127-TLS |
| ) | |
| EAT FIT GOT HEALTHY FOODS, LLC et al[1] ) | Chapter 11 |
| ) | |
| Debtors. ) | |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 365 AND FED. R. BANK P. 6006 AUTHORIZING AND APPROVING PROCEDURES GOVERNING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

COMES NOW Eat Fit Got Healthy Foods, LLC, et al., debtors and debtors-in-possession in the above captioned bankruptcy case ("Debtors"), in the above entitled case, and in support of its Motion for Order pursuant to 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bank. P. ("Rule") 6006 Authorizing and Approving Procedures Governing the Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Assumption and Assignment Motion"), states and alleges as follows:

**Jurisdiction and Venue**

1. On July 31, 2018 (the "Petition Date") Debtors filed 10 separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Related Cases") in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court").

2. Each Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not yet been appointed in any of the Related Cases.

---

[1] Debtors in this case include: Eat Fit Go Omaha Kitchen, LLC, Eat Fit Go Kansas City Kitchen, LLC, Eat Fit Go Georgia Kitchen, LLC, Eat Fit Go Arizona Kitchen, LLC, Eat Fit Go Healthy Foods - Des Moines, LLC, Eat Fit Go Healthy Foods - Kansas City, LLC, EFG Shared Services, LLC (No Rev), Eat Fit Go Healthy Foods - Omaha, LLC, and Eat Fit Go Healthy Foods - Minnesota, LLC.

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Debtors' Background

7. Debtors provide healthy chef-made meals that are high in protein and made fresh daily. Debtors' business operations offer one stop shopping where a customer can purchase breakfast, lunch, dinner, and snacks that are pre-cooked, pre-portioned and ready-to-eat.

8. Capitalizing on a growing trend in healthy foods, Debtors opened the first store in February of 2016, in Omaha, NE, and have grown to 33 stores across eight states utilizing a mix of franchised locations and corporate owned stores. Beyond the rapidly increasing number of storefronts, Debtors plan to expand into e-commerce with a mobile app to facilitate delivery of healthy foods to customers' doors within 24 hours.

### Relation of Debtors

9. Each of Debtors is a legally separately entity. With the exception of Eat Fit Go Healthy Foods – Omaha, LLC, each of the other Debtors (the "Subsidiaries") is a wholly-owned subsidiary of Eat Fit Go Healthy Foods, LLC (the "Parent").[2] Each Debtor plays a unique role in Debtors' ongoing operations, be it as a manger of operations, corporate store, corporate kitchen, or leaseholder. Debtors utilize common branding for their operations.

---

[2] Parent is the managing member of Eat Fit Go Healthy Foods – Omaha, LLC.

148970634.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

## Relief Requested

### Debtors' Unexpired Leases and Executory Contracts

10. After evaluating all of their alternatives, and after consultation with Access Bank (the "Lender"), Debtors have concluded that the best mechanism for maximizing the value of their assets is through the sale of all or substantially all of their assets as a going concern (the "Assets"), free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363 ("Sale").

11. To that end, Debtors have filed contemporaneously herewith, a motion for approval of the Sale ("Sale Motion") and a motion to approve the bidding procedures to be implemented in connection with the Sale ("Procedures Motion"). In connection with, and as part of, the relief requested in such motions, Debtors are hereby requesting approval of: (a) certain procedures for the assumption and assignment of executory contracts and unexpired leases (if any) to the Successful Bidder(s) (as defined in the Procedures Motion") at the Sale ("Assumption and Assignment Procedures"); and (b) the assumption and assignment of such contracts and leases to the Successful Bidder(s).

### Assumption and Assignment Procedures

12. In connection with the Sale process, Debtors proposes the following Assumption and Assignment Procedures for notifying counterparties to executory contracts and unexpired leases of potential cure amounts in the event that the Successful Bidder(s) at the Sale elects to have Debtors assume and assign to it such contracts or leases.

   a. Within 10 days after entry of an order approving the Procedures Motion or as soon thereafter as practicable, Debtors will file a notice of cure amount (the "Cure Notice") with the Court and serve the Cure Notice on all non-debtor parties to any executory contracts and unexpired leases (the "Contract Notice Parties") with

148970634.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

> Debtors that Debtors determines, in its business judgment, are necessary to maximize the value of any proposed Sale.
>
> b. The Cure Notice shall state the cure amount that Debtors believes is necessary to assume such executory contracts and unexpired leases pursuant to §365 of the Bankruptcy Code (the "Cure Amount") and notify the Contract Notice Party that such party's contract or lease may be assumed and assigned to a purchaser of the assets to be identified at the conclusion of the auction. If no amount is listed on the Cure Notice, Debtors believe that there is no Cure Amount due and so shall clearly state in the Cure Notice. The Cure Notice shall set a deadline by which the non-debtor party shall file an objection to the proposed Cure Amount. Debtors request that the Court set the deadline to object to any Cure Amount seven (7) days after service of the Cure Notice so as to be received no later than 4:00 p.m. (Central time) on such day by:
>
>> i. Counsel to Debtors, Stinson Leonard Street, LLP, 1299 Farnam Street, Suite 1500, Omaha, Nebraska 68102, Attention: Patrick R. Turner; and
>>
>> ii. Brock Huber, CEO of Debtors, 8877 South 137th Circle, Omaha, NE 68138, brock.hubert@eatfitgo.com
>
> c. Unless a Contract Notice Party files an objection to the Cure Amount by the objection deadline, such Contract Notice Party shall be: (i) forever barred from objecting to the Cure Amount; and (ii) forever barred and estopped from asserting or claiming against Debtors, any Successful Bidder(s) or any other assignee of the relevant contract that any additional amounts are due or defaults exist, or that conditions to assumption and assignment must be satisfied under such contract or lease.
>
> d. All timely objections to any Cure Amount must set forth: (i) the basis for the objection; (ii) the exact amount the objector asserts as the Cure Amount; and (iii) sufficient documentation to support the Cure Amount alleged.
>
> e. Hearings on objections to any Cure Amount may be held at the hearing to approve the Sale ("Sale Hearing") or upon such other date as the Court may designate upon request by Debtors with prior consent of the Successful Bidder(s).
>
> f. As soon as possible after the conclusion of the sale auction, Debtors shall file with the Court a post-auction notice that identifies any Successful Bidder(s) and provides notice that Debtors will seek to assume and assign some or all of the executory contracts and unexpired leases to the Successful Bidder(s) at the Sale Hearing.

148970634.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

g. At the Sale Hearing, Debtors shall: (i) present evidence sufficient to demonstrate adequate assurance of future performance by any Successful Bidder(s); and (ii) request entry of an order approving the assumption and assignment of the assumed contracts to any Successful Bidder(s).

h. Unless otherwise agreed to in writing by Debtors, the Successful Bidder(s) shall be responsible for curing all defaults, if any, under the assumed contracts and for establishing, to the extent necessary, adequate assurance of its future performance under the assumed contracts.

## The Assumption and Assignment of the Assumed Contracts

13. Under §365(a), a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1) codifies the requirements for assuming an executory contract or unexpired lease of a debtor and provides that:

(b)(1) if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

14. Section 365(f)(2) of the Bankruptcy Code provides, in part, that:

The trustee may assign an executory contract or unexpired lease of the debtor only if:

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

5 of 8

148970634.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

15. The standard governing bankruptcy court approval of a debtor's decision to assume or reject an executory contract or unexpired lease is whether the debtor's reasonable business judgment supports assumption or rejection. *See, e.g., In re Stable Mews Assoc., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). The business judgment test "requires only that the trustee [or debtor in possession] demonstrate that [assumption or] rejection of the contract will benefit the estate." *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co., (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (quoting *In re Stable Mews Assoc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y 1984)). Moreover, pursuant to §365(b)(1) of the Bankruptcy Code, for a debtor to assume an executory contract, it must "cure, or provide adequate assurance that the debtor will promptly cure," any default, including compensation for any "actual pecuniary loss" relating to such default. 11 U.S.C. § 365(b)(1).

16. Once an executory contract is assumed, the trustee or debtor in possession may elect to assign such contract. *See In re Rickel Home Center, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) ("[t]he Code generally favors free assignability as a means to maximize the value of the debtor's estate"); *see also In re Headquarters Doge, Inc.*, 13 F.3d 674, 682 (3d Cir. 1994) (noting purpose of section 365(f) is to assist trustee in realizing the full value of the debtor's assets).

17. Section 365(f) of the Bankruptcy Code provides that the "trustee may assign an executory contract…only if the trustee assumes such contract…and adequate assurance of future performance is provided." 11 U.S.C. § 365(f)(2). The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical,

148970634.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

pragmatic construction." *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance."). Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986).

18. As set forth in the Procedures Motion, to submit a bid, an entity must provide Debtors with sufficient and adequate information to demonstrate that such entity has the financial ability to consummate the Sale, including future performance of any contracts or leases to be assigned to it. Furthermore, Debtors will present facts at the Sale Hearing to show the financial credibility, the willingness, and the ability of the Successful Bidder(s) to perform under the assumed contracts. Thus, the procedures set forth herein and the Sale Hearing will provide the Court and other interested parties the opportunity to evaluate the ability of the Successful Bidder(s) to provide adequate assurance of future performance under the assumed contracts as required under §365(f)(2)(B). Further, as set forth above, Debtors will give notice to all non-debtor parties to the assumed contracts of its intention to assume the assumed contracts and what Debtors believe are the cure amounts, if any. Accordingly, the Court should authorize Debtors to assume and assign the assumed contracts to the Successful Bidder(s) pursuant to the Assumption and Assignment Procedures, including proper notice and a reasonable opportunity to object to the same.

148970634.1

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 18-81127
Motion for Order Approving
Procedures Governing Assumption and Assignment
of Executory Contracts and Unexpired Leases

## **Conclusion**

**WHEREFORE**, Debtors respectfully prays this Court enter an order: (1) granting this Motion in full; (2) overruling all objections to this Motion; (3) approving and authorizing the Assumption and Assignment Procedures; and (4) granting any other relief at equity or law this Court deems necessary or appropriate.

                       **EAT FIT GO HEALTHY FOODS, LLC ET AL., Debtors**

                       By:    /s/ Patrick R. Turner
                            Patrick R. Turner #23461
                            Stinson Leonard Street, LLP
                            1299 Farnam Street, Suite 1500
                            Omaha, NE 68102
                            Tel. No. (402) 342-1700
                            Fax No. (402) 342-1701
                            patrick.turner@stinson.com

                       Counsel for Debtors

148970634.1