IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF ) | Case No. BK 18-81127-TLS |
| ) | |
| EAT FIT GOT HEALTHY FOODS, LLC et al.[1] ) | Chapter 11 |
| ) | |
| Debtors. ) | |

**DEBTORS' OBJECTION TO MOTION OF LIVE WELL ENTERPRISES, LLC FOR (I) ENTRY OF AN ORDER COMPELLING EAT FIT GO HEALTHY FOODS, LLC AND/OR EAT FIT GO KITCHEN ARIZONA, LLC TO TIMELY PERFORM ALL POST-PETITION LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3); AND (II) ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2)**

COME NOW Eat Fit Go Healthy Foods, LLC et al., debtors and debtors-in-possession in the above captioned Chapter 11 bankruptcy case ("Debtors"), as and for their Objection (this "Objection") to the *Motion of Live Well Enterprises, LLC for (I) Entry of an Order Compelling Eat Fit Go Healthy Foods, LLC ("EFG") and/or Eat Fit Go Kitchen Arizona, LLC ("EFG AZ") to Timely Perform All Post-Petition Lease Obligations Pursuant to 11 U.S.C. § 365(d)(3); and (II) Allowance and Payment of an Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2)* (the "Motion"), state and allege as follows:

1. The Court should deny the motion because (i) there exists a material factual dispute as to the amount, if any, that EFG AZ owes Live Well Enterprises, LLC (the "Movant") pursuant to the Lease, (ii) as to Debtor EFG, there is no obligation to Movant under Section 365(d)(3) of the Bankruptcy Code because EFG is not the lessee, (iii) as to EFG AZ, who is the current lessee under the lease, the Movant has presented no legal basis to support its request for immediate payment on its alleged administrative claim prior to all other administrative claims in these

---

[1] Debtors in this case include: Eat Fit Go Omaha Kitchen, LLC, Eat Fit Go Kansas City Kitchen, LLC, Eat Fit Go Georgia Kitchen, LLC, Eat Fit Go Arizona Kitchen, LLC, Eat Fit Go Healthy Foods - Des Moines, LLC, Eat Fit Go Healthy Foods - Kansas City, LLC, EFG Shared Services, LLC (No Rev), Eat Fit Go Healthy Foods - Omaha, LLC, and Eat Fit Go Healthy Foods - Minnesota, LLC.

150171624.2

cases, and (iv) EFG AZ vacated the premises on or before December 14, 2018 and surrendered the premises to the Movant. Accordingly, other than the payment of post-petition rent – which is the subject of a bona fide dispute – there remains nothing to perform under the Lease. The Motion should be denied.

### A. The Debtors' Dispute the Amount Owed Under the Lease and Assert a Right of Set Off

2. The Lease was not an arm's length, negotiated transaction and was never implemented as written. Instead, it was signed by the same person for both Debtors and Movant, with no consideration of other leasing alternatives, and was implemented on completely different rent terms.

3. Specifically, since the inception of the Lease in 2016, the Debtors have made monthly rent payments primarily in the amount of Movant's monthly mortgage payment on the leased premises (approximately $7,779.00 directly to Movant's secured lender), all without any notice of default, forbearance, or reservation of rights by Movant. This course of dealing between the parties was either a clear modification of the Lease, or a tacit acknowledgement that the rent specified in the Lease was not the actual agreement between the parties.

4. Importantly, the alternative rent arrangement was agreed to by Movant, in part, because Movant's primary owners, Sam Vakhidov and Aaron McKeever, likewise hold substantial ownership interests in the Debtors — in essence, the Movant is an insider of the Debtors. 11 U.S.C. § 101 (2)(B) (defining affiliate as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor") and 11 U.S.C. § 101 (31)(B),(E) (defining insider as "director of the debtor … [or] person in control of the

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127

debtor" or as an "affiliate, or insider of an affiliate as if such affiliate were the debtor"); *see also In re Opus E., LLC*, 528 B.R. 30, 91 (Bankr. D. Del. 2015) (holding a corporation is an affiliate when "20 percent or more of [its] outstanding voting securities are directly or indirectly owned ... by an entity that ... indirectly owns ... 20 percent or more of the outstanding voting securities of the debtor . . .").

5. Alternatively, if this Court determines that the rent specified in the Lease is the relevant rent payable by EFG AZ under Section 365(d)(3) of the Bankruptcy Code, then the rent obligation under the lease is avoidable as a fraudulent transfer under Section 548 of the Bankruptcy Code or relevant state law because the rent constitutes an obligation incurred by both EFG and EFG AZ for less than reasonably equivalent value or fair value at a time when EFG and EFG AZ either were insolvent, rendered insolvent, or undercapitalized.

6. Accordingly, even if ECG AZ owes rent that has been incurred during the pendency of these chapter 11 cases, the rent obligation can be avoided under Sections 544-550 of the Bankruptcy Code.

7. Finally, Debtors assert that they have offset rights for certain payments to Movant totaling $24,152.80 that are not attributable to any ascertainable past or future obligations of the Debtors. The Debtors believe that this amount is recoverable from Movant. The Debtors, therefore, assert a right to set-off up to $24,152.80 against any alleged back-rent.

**B. As Between EFG and Movant, There is No Lease Within the Meaning of 365(d)(3)**

8. On or about December 1, 2016, EFG assigned (the "Assignment") its right, title, and interest in the Lease to EFG AZ, and Movant consented to the Assignment. A copy of the Assignment is attached as **Exhibit A**.

150171624.2

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127

9. As a consequence, as of December 1, 2016, EFG was no longer the lessee under the terms of the Lease. Any amount owed by ECF under the Lease are as a guarantor – not as a lessee and, thus, the requirements of § 365(d)(3) of the Bankruptcy Code are inapplicable to EFG.

### C. The Motion Fails to Establish Movant's Right to Immediate Payment

10. While the Debtors are optimistic that their pending sale will produce sufficient funds to pay all administrative expenses in full, there is no guarantee that the Debtors will have funds sufficient to pay its administrative expenses in these cases.

11. If Movant is permitted to obtain immediate payment of its alleged administrative claim, it may receive full payment when other, equal or higher priority, claim holders are ultimately paid less than their full claim. *See In re Schnitz*, 293 B.R. 7, 11 (Bankr. W.D. Mo. 2003) (rejecting a request for immediate payment of an administrative claim for post-petition rent to allow for equal treatment across all administrative claims); *In re Beltway Med., Inc.*, 358 B.R. 448, 456 (Bankr. S.D. Fla. 2006)(holding a landlord is not entitled to a super-priority claim).

12. Instead, Movant should receive payment of its alleged administrative claim only when all other administrative claim holders are paid so as to preserve the statutory priority scheme established by the Bankruptcy Code. *See* 11 U.S.C. §§ 503(b), 507.

13. If the Movant desires an immediate disposition of the Lease, its remedy is either to (i) seek an order compelling the Debtors to assume or reject the Lease, or (ii) receive an administrative expense claim, payable at such time as all administrative claims are ascertained. *In re Granada, Inc.*, 88 B.R. 369, 374 (Bankr. D. Utah 1988)("Failure to comply with the demands of § 365(d)(3) has been recognized by other courts as giving rise to at least three lessor

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127

remedies: (1) The lessor may seek an order of the court compelling surrender of the premises and rejection of the lease (2) Since priorities under the Bankruptcy Code are a creature of statute, courts do not have the power or discretion to create a scale of priorities among administrative claims, and if the estate has insufficient funds to pay all claims in full, claimants must share pro rata among the available assets . . . .") (citing 4 COLLIER ON BANKRUPTCY PRACTICE GUIDE ¶ 68.05[3] 68–36 (1987)).

### D. EFG and EFG AZ Intend to Reject the Lease Nunc Pro Tunc

14. EFG AZ vacated the Premises on or before December 14, 2018 and no longer has a business purpose to continue performing under the Lease.

15. It is in EFG AZ's business judgment that it should reject the Lease effective December 14, 2018.

16. Accordingly, shortly after the filing of this Objection, EFG AZ intends to file a motion to reject the Lease.

**WHEREFORE,** Eat Fit Go Healthy Foods, LLC et al., debtors and debtors-in-possession in the above captioned Bankruptcy Case, respectfully pray that this Court enter an order: (1) denying the Motion in full; and (2) granting any other relief at equity or law this Court deems necessary.

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127

**EAT FIT GO HEALTHY FOODS, LLC ET AL., Debtors**

By: /s/ Paul Hoffmann_____
    Paul M. Hoffmann (MO # 31922)
    Nicholas Zluticky (MO # 61203)
    Stinson Leonard Street, LLP
    1201 Walnut Street
    Suite 2900
    Kansas City, MO 64106
    Phone: 816.842.8600
    Fax: 816.691.3495
    Email:   paul.hoffmann@stinson.com
                nicholas.zluticky@stinson.com

**COUNSEL FOR DEBTORS**

150171624.2

IN THE MATTER OF
Eat Fit Go Healthy Foods, LLC
Case No. BK 17-81127

## **EXHIBIT A**

150171624.2

ASSIGNMENT OF LEASE AGREEMENT

This Assignment of Lease Agreement and Consent By Landlord ("Assignment") is made and entered into as of the  1    day of December, 2016 by and between Eat Fit Go Healthy Foods, LLC, a Nebraska limited liability company ("Assignor") and Eat Fit Go Kitchen Arizona, LLC, a Nebraska limited liability company ("Assignee").

WITNESSETH:

WHEREAS, Assignor has heretofore entered in to that certain Lease Agreement dated as of August 16, 2016, between Live Well Enterprises, LLC ("Landlord"), a Nebraska limited liability company, and Assignor ("Lease"), whereby Assignor has leased from the Landlord certain premises consisting of a production kitchen and warehouse facilities known as 739 E. Dunlap Avenue, Phoenix, Arizona (the "Premises"); and

WHEREAS, Assignor desires to assign the Lease to Assignee, and Assignee desires to accept such assignment pursuant to the terms set forth below; and

WHEREAS, the parties hereto desire to enter into this Assignment to define the rights, duties and liabilities of the parties hereto.

NOW, THEREFORE, for and in consideration of the mutual covenants herein contained, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Assignment</u>.  Assignor hereby grants, conveys, assigns and transfers to Assignee all of Assignor's right, title and interest in and to the Lease, to have and to hold the same unto Assignee, its successors and assigns, from the date hereof to the end of the term of the Lease.  Assignee hereby accepts such assignment, and agrees to assume all of the obligations of the Assignor under the Lease which have not yet accrued as of the date of this Assignment, but which will accrue prior to termination of the term of the Lease.

2. <u>Assignor's Representations</u>.  Assignor does hereby represent and warrant to Assignee the following:

    a)  To our knowledge, the Lease is in full force and effect, and has not been modified, amended, revoked, rescinded or repealed.

    b)  Assignor has delivered to Assignee a full, accurate and complete copy of the Lease, with all amendments thereto, if any, all of which are attached hereto as Exhibit A.

    c)  No rent required to be paid under the Lease has been paid more than thirty (30) days in advance of its due date.

3. <u>Consent of Landlord</u>.  It is understood and agreed that this Assignment shall not take effect until it has been consented to, in writing, by the Landlord, by virtue of its signature hereto in the Consent By Landlord set forth below.

IN WITNESS WHEREOF, Assignor and Assignee have hereto executed this Assignment as of the day and year first above written.

**ASSIGNOR:**

EAT FIT GO HEALTHY FOODS, LLC,

By _____
Name: _____Aaron McKeever_____
Title: _____President_____

**ASSIGNEE:**

EAT FIT GO ARIZONA KITCHEN, LLC,

By _____
Name: _____Aaron McKeever_____
Title: _____President_____

CONSENT BY LANDLORD

The undersigned, as owner of the Premises described above, and as Landlord under the Lease, in consideration of the above Assignment, does hereby consent to the assignment of the Lease by Assignor to Assignee, and does hereby accept the Assignee as Lessee under the Lease, without, however, releasing Assignor from its obligations thereunder.  This consent is effective as of the date of the Assignment.  Landlord does hereby confirm that the Lease is in full force and effect and has not been modified, amended, revoked, rescinded or repealed, that all rent and other amounts due under the Lease have been fully paid to date (except for the December, 2016 rent which remains unpaid), and that all covenants and obligations on the part of Assignor, as Lessee, which have accrued up to the date hereof have been fully performed.  Landlord further states that it is not in default under the Lease, and to the best of its knowledge and belief, Assignor, as Lessee under the Lease, is not in default under the Lease.

**LANDLORD:**

LIVE WELL ENTERPRISES, LLC

By _____
Name: _____Aaron McKeever_____
Title: _____President_____