## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Chapter 11 |
| EAT FIT GO HEALTHY FOODS, LLC, et al., | Case No. 18-81127-TLS |
| Debtors.[1] | Jointly Administered |

### APPLICATION OF GORDON FOOD SERVICE INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE PRIORITY CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Gordon Food Service Inc. ("GFS"), by its undersigned counsel, hereby submits the following Application for Allowance and Payment of Administrative Priority Claim pursuant to 11 U.S.C. § 503(b)(1)(A) (the "Application").  In support of it Application, GFS respectfully states as follows:

1.      Prior to bankruptcy, Debtor Eat Fit Go Healthy Foods, LLC ("EFG Healthy Foods") and its various wholly-owned (also debtor) subsidiaries operated a number of health food stores throughout the country.

2.      On September 1, 2017, EFG Healthy Foods executed that certain Eat Fit Go Foodservice Distribution Agreement dated September 1, 2017 (the "Master Agreement").[2] Pursuant to the terms of the Agreement, GFS acted as a food service distributor for the EFG Healthy Foods and its subsidiaries.

---

[1] The Debtors in these jointly administered bankruptcy cases are: Eat Fit Go Healthy Foods, LLC (18-81127-TLS); Eat Fit Go Arizona Kitchen, LLC (18-81121-TLS); Eat Fit Go Georgia Kitchen, LLC (18-81122-TLS); Eat Fit Go Healthy Foods Des Moines, LLC (18-81123-TLS); Eat Fit Go Healthy Foods Kansas City, LLC (18-81124-TLS); Eat Fit Go Healthy Foods Minnesota, LLC (18-81125-TLS); Eat Fit Go Healthy Foods Omaha, LLC (18-81126-TLS); Eat Fit Go Kansas City Kitchen, LLC (18-81128-TLS); Eat Fit Go Omaha Kitchen, LLC (18-81129-TLS); and EFG Shared Services, LLC (18-81130-TLS).

[2] The Master Agreement contains proprietary and highly confidential pricing information and therefore has not been attached to this Application, but will be made available to the Court and to Debtor's counsel upon request and to other parties in interest upon reasonable request.

3.      On September 5, 2017, Debtor Eat Fit Go Georgia Kitchen LLC ("EFG Georgia Kitchen") executed a Customer Account Application (the "Customer Agreement").  A copy of the Customer Agreement is attached hereto as **Exhibit A**.

4.      Pursuant to the terms of the Master Agreement and Customer Agreement, GFS was required to fulfil the orders of EFG Georgia Kitchen.  GFS was also required to purchase and maintain certain Proprietary Products as that term is defined in the Master Agreement.

5.      On July 31, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 §§ 101, *et seq.* (the "Bankruptcy Code").

6.      After the filing of the petition, the Debtors sent a notice to GFS indicating that they would continue to order and pay for goods and services to meet their business needs and that orders issued after the filing date would be paid in full on customary business terms.  A copy of this notice is attached hereto as **Exhibit B**.

7.      Following the petition date, EFG Georgia Kitchen, acting as a debtor-in-possession, continued to places orders with GFS pursuant to the terms of the Master Agreement and Customer Agreement totaling $3,599.88.  A summary of these orders is attached hereto as **Exhibit C**.  Invoices for these orders are attached hereto as **Exhibit D**.

8.      Further, pursuant to its obligations under the Master Agreement and Customer Agreement, GFS continued to order and maintain Proprietary Products for EFG Georgia Kitchen's use post-petition.  Pursuant to the Master Agreement and Customer Agreement, EFG Georgia Kitchen or EFG Healthy Foods were required to purchase said Proprietary Products in the event EFG George Kitchen ceased doing business with GFS.

9. On August 3, 2018, the Debtors notified GFS that they would no longer be purchasing through the Atlanta location operated by EFG Georgia Kitchen.

10. On August 29, 2018, GFS provided EFG Healthy Foods and EFG Georgia Kitchen notice that they were required to purchase the Proprietary Products under the Master Agreement and Customer Agreement. A copy of this notice is attached hereto as **Exhibit E**.

11. EFG Healthy Foods and EFG Georgia Kitchen failed to purchase the Proprietary Products as required by the Master Agreement and Customer Agreement. As required by those agreements, GFS attempted to mitigate its damages by liquidating some of the Proprietary Products and then invoiced those products that it could not liquidate. In total, EFG Healthy Foods and EFG Georgia Kitchen were obligated and failed to purchase Proprietary Products totaling $9,905.35. An invoice detailing the unliquidated Proprietary Products is attached hereto as **Exhibit F**.

12. Based upon the above, EFG Healthy Foods and EFG Georgia Kitchen have incurred post-petition obligations to GFS totaling $13,505.23 (the "GFS Administrative Claim").

13. Section 503(b)(1)(A) provides that, after notice and a hearing, there shall be allowed administrative expenses for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1).

14. Here, the GFS Administrative Claim constitutes actual, necessary costs and expenses of the estate. EFG Healthy Foods and EFG Georgia Kitchen did business with GFS post-petition and obtained the benefits of that continued business. GFS has not been compensated for these reasonable and necessary expenses. Accordingly, GFS is entitled to

3

allowance and payment of the GFS Administrative Claim as an administrative expense of EFG

Health Foods and EFG Georgia Kitchen's bankruptcy estates.[3]

15.     As an administrative expense, the GFS Administrative Claim is entitled to priority

in any distribution from assets of the debtor's estate.   11 U.S.C. § 507(a)(2).   This priority is

secondary only to domestic support claims.   *Id.* § 507(a)(1).   As an administrative expense, the

GFS Administrative Claim must be paid in full in cash in order for the Court to confirm a plan of

reorganization.   11 U.S.C. § 1129(a)(9)(A).   Further, GFS is entitled to payment of the GFS

Administrative Claim at the same time and in the same proportion as other administrative claims.

**WHEREFORE,** having satisfied the requirements of section 503(b)(1)(A), GFS requests

that this Court enter an order allowing the GFS Administrative Claim in the amount of

$13,505.23 and granting such other and further relief as the Court deems just and proper.

Dated:  April 18, 2019                               Respectfully submitted,

                                                     /s/ Jason M. Torf
                                                     Jason M. Torf (pro hac vice pending)
                                                     John C. Cannizzaro (pro hac vice pending)
                                                     ICE MILLER LLP
                                                     200 W. Madison Street, Suite 3500
                                                     Chicago, IL 60606-3417
                                                     Telephone:   (312) 726-6244
                                                     Facsimile:   (312) 726-6214
                                                     Email:      Jason.Torf@icemiller.com

                                                     *Counsel for Gordon Food Service Inc.*

---

[3] For clarity, GFS does not seek double recovery of the GFS Administrative Claim.   Pursuant to the Master Agreement and Customer Agreement, the GFS Administrative claim is a joint post-petition obligation of each bankruptcy estate.

4